JOSEPH E. CHAMBERS, BY HIS NEXT FRIEND, JOSEPH CHAMBERS, AND JOSEPH CHAMBERS, INDIVIDUALLY, PLAINTIFFS, v. SAMUEL KRAMER AND JOSEPH KRAMER, DEFENDANTS.

Submitted October 16, 1925—Decided January 15, 1926—Filed March 2, 1926.

**Rule to Show Cause—Rule 123 of the Supreme Court Provides That Applications Must be Made Within Six Days—No Matter Not Known to Applicant at the Time Appears—Court Rule Will Not be Relaxed.**

On defendants' rule to show cause.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the defendants, *Kalisch & Kalisch* (*Isidor Kalisch,* of counsel).

For the plaintiffs, *Collins & Corbin* (*Edward A. Markley,* of counsel).

PER CURIAM.

This is an application made in behalf of the defendants for a rule to show cause why verdicts rendered in favor of the plaintiffs should not be set aside. The case was instituted in this court. The venue was laid in Union county. The case was on the Union county calendar for the May term, 1925. In order to complete the trials of Supreme Court issues Circuit Court Judge Daly obtained the assistance of Judge Stein, of the Union County Court of Common Pleas. This case was tried by Judge Stein. No order of transfer appears in the record. Both parties, apparently, consented to the trial before Judge Stein. The trial took place on June 30th and July 1st, 1925. It resulted in verdicts being returned in favor of Joseph E. Chambers for $2,000 and in

favor of Joseph Chambers for $500. Judgments upon these verdicts were duly entered. An application was made to Judge Stein in behalf of the defendants for a rule to show cause why a new trial should not be had. On September 11th, 1925, the application was refused. The defendants now apply to this court for a rule.

Rule 123 of the rules of the Supreme Court reads as follows:

"123. Such application shall be made *ex parte,* and within six days after the verdict of finding. The rule when granted shall be **forthwith entered** by the clerk of this court and proceeded in and brought to hearing in the same manner as heretofore. In default of compliance with the foregoing requirement, no application for a rule to show cause by the party so failing shall be heard by the court, except upon matters which were not known to the party before the expiration of six days after trial. If such rule shall be refused, applications may be made to the court as heretofore. This rule shall not be applied to causes tried *ex parte.*"

The record presented to us does not show that any application was made to Judge Stein within six days from the rendering of the verdicts, as required by rule 123. It is inferable that it was made a short time prior to September 11th, 1925. The present application is not based upon any matters which were not known before the expiration of six days after trial. The plaintiffs resist the present application upon the ground that no application was made to the trial judge within six days after the verdicts were rendered. Unless a strong reason is presented we feel that rule 123 should not be relaxed. A judge who has had the opportunity of seeing the witnesses, hearing their testimony and observing their demeanor while testifying, is in a better position to determine the question of whether a rule to show cause should be allowed than is a court in which the judges have not had the opportunities in this respect of the trial judge. Furthermore, the period within which an application for a rule to show cause to the trial judge is made, is a matter of importance. With the

amount of work confronting every trial judge the impressions which he has gathered of the case must necessarily be impaired by lapse of time. It is partly for this reason that rule 123 makes it compulsory for an application for a rule to be made within six days after the verdict.

Because of the failure to make the application to the trial judge within the time limited by the rule, we have reached the conclusion that the application for the rule should be denied.

The application for the rule is accordingly denied.